UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHEENA WATKINS, | ) |
| Plaintiff, | ) |
| | ) Case No.: _____ |
| v. | ) |
| HIGHER GROUND EDUCATION, INC., | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**
**OF DEFENDANT HIGHER GROUND EDUCATION, INC.**

Defendant Higher Ground Education, Inc. (hereinafter "Higher Ground"), by and through its undersigned counsel and in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice that it is removing this action to the United States District Court for the Western District of Missouri based upon the diversity of the parties. In support, Higher Ground states and alleges as follows:

**I.      Nature of the Case.**

1.      Plaintiff Sheena Watkins (hereinafter "Plaintiff") commenced this action on July 9, 2024, by filing Petition in the Circuit Court of Jackson County, Missouri, captioned *Sheena Watkins v. Higher Ground Education, Inc.*, Case Number 2416-CV18917. Plaintiff's claims sound in discrimination based on race and sex, and retaliation under the Missouri Human Rights Act. Plaintiff's *Petition for Damages* is attached hereto as Exhibit A.

2.      Higher Ground was duly served with process on July 22, 2024. Therefore, removal of this case is timely in accordance with 28 U.S.C. § 1446(b).

**II.     Jurisdictional Basis for Removal – Diversity of the Parties.**

3.      Plaintiff is a citizen of the state of Missouri. Exhibit A ¶ 4.

1

4. Higher Ground is a corporation organized under the laws of the State of Delaware.

5. Higher Ground's principal place of business is California.

6. "A corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

7. Higher Ground is a citizen of the state of Delaware and California, and complete diversity exists between the parties.

8. The amount in controversy in this action exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interests and costs. 28 U.S.C. § 1332(a).

9. Plaintiff seeks compensatory damages for "pain, anguish, anxiety, and distress'" Exhibit A ¶¶ 69, 75, 86. Further, Plaintiff intends to seek punitive damages and attorney fees. Exhibit A ¶¶ 70, 77, 87.

10. Plaintiff's alleges that Higher Ground subjected her to unlawful retaliation while Higher Ground employed her. During her employment, Plaintiff received a base salary of $85,000.00 a year.

11. "In considering whether the amounts and claims alleged satisfy the required amount in controversy, the court looks to state law to determine the nature and extent of the right to be enforced as well as the state measure of damages and the availability of special and punitive damages." *McGuire v. State Farm Fire & Cas. Co.*, 108 F.Supp.3d 680, 684 (D. Minn. 2015) (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352-53, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961)).[1]

---

[1] *See also Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020) (noting that the removing party must prove by a preponderance of the evidence that a fact finder might legally conclude that "the damages are greater than the requisite amount"); *Waters v. Ferrar Candy Co.*, 873 F. 3d 633, 636 (8th Cir. 2017) (noting that the amount in controversy may be established by "specific factual allegations . . . combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations").

12. As the party seeking to remove this action, Higher Ground "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Mallory v. AT&T*, No. 4:19-CV-00900-DGK, 2020 WL 479263, at *1 (W.D. Mo. Jan. 29, 2020) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014)). When determining the amount in controversy the question before a court "is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 584 (8th Cir. 2017) (internal citation omitted).

13. Although Higher Ground expressly denies all of Plaintiff's claims, based on the allegations in the Petition, Higher Ground believes in good faith that the amount in controversy exceeds the value of $75,000.

### III. Removal to this Court is Otherwise Proper.

14. This Notice of Removal is filed within thirty (30) days of service of the summons and Petition upon Higher Ground, and is timely under 28 U.S.C. § 1446(b).

15. Venue lies in the Western District of Missouri under 28 U.S.C. §§ 1441(a), 1446(a), and 105(a). This action was filed in the Circuit Court of Jackson County, State of Missouri and the United States District Court for the Western District of Missouri encompasses said forum.

16. Higher Ground has attached a complete copy of the state court file to this Notice of Removal as *Exhibit B*.

17. In accordance with 28 U.S.C. § 1446(d), Higher Ground is providing written notice of the filing of this Notice of Removal to all adverse parties, specifically Plaintiff, and filing a copy with the Clerk of the Court for Jackson County, the State Court where this action was originally brought thereby satisfying all procedural requirements for removal. A copy is attached as *Exhibit C*.

18. Higher Ground is the only named defendant in this action.

19. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Higher Ground's right to assert any defense or affirmative matter including, without limitation, the defenses of 1) lack of jurisdiction over the Defendant, 2) improper venue, 3) insufficiency of process, 4) insufficiency of service of process, 5) improper joinder of claims and/or parties, 6) failure to state a claim, or 7) any other procedural or substantive defense available under state or federal law

20. Higher Ground is timely filing its answer to Plaintiff's Petition in this Court within thirty days of service, consistent with Missouri Rule of Civil Procedure 55.25 and RSMo. § 509.260.

21. Higher Ground demands a trial by jury on all issues so triable.

22. If any questions arise as to the propriety of the removal of this action, Higher Ground requests the opportunity to brief any disputed issues and to present oral argument in support of the position that this case is properly removable.

WHEREFORE, Defendant Higher Ground Education, Inc. respectfully prays that this Court take jurisdiction of this action to its conclusion and final judgment, to the exclusion of any further proceedings in the Circuit Court of Jackson County, Missouri, and for such other and further relief as Defendant Higher Ground Education, Inc. may show it is entitled and the Court deems reasonable, appropriate, and just.

Respectfully Submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ M. Jane Rose*
James C. Morris, #53074
M. Jane Rose, #72097
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Telephone: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
jlrose@grsm.com
*Attorneys for Defendant,*
*Higher Ground Education, Inc.*

### CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court on August 21, 2024, thereby executing service upon all counsel of record by operation of the Court's electronic filing system.

By:   */s/ M. Jane Rose*