# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
# AT INDEPENDENCE

| | |
|---|---|
| **SHEENA WATKINS,** ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| **HIGHER GROUND EDUCATION, INC.** ) | **JURY TRIAL DEMANDED** |
| **Serve Registered Agent:** ) | |
| **Cogency Global, Inc.** ) | |
| **406 N. Main St. Ste. B** ) | |
| **Rolla, MO. 65401** ) | |
| ) | |
| Defendants. ) | |

## PETITION FOR DAMAGES

COMES NOW Sheena Watkins ("Plaintiff"), by and through her attorneys of record, and for her petition against the above-named defendant, alleges and states as follows:

### INTRODUCTION

1. Plaintiff, while an employee of Defendant Higher Ground Education, Inc. (hereafter "HGE" or "Defendant") was subjected to unlawful discrimination based on her race and sex.

2. Plaintiff, while an employee of Defendant HGE, was subjected to unlawful retaliation.

3. Plaintiff seeks compensatory and punitive damages against Defendant.

## PARTIES

4. Plaintiff is now, and was at all times relevant to the allegations in this petition, a female resident and citizen of the State of Missouri.

5. Defendant is a For-Profit Corporation with its principal place of business in the state of California.

6. At all times relevant to the allegations in this petition are employees of Defendant HGE referenced in this Petition acted directly in the interests of Defendant HGE.

## JURISDICTION AND VENUE

7. Plaintiff's first injury occurred in Jackson County, Missouri making this Court an appropriate forum.

## FACTUAL ALLEGATIONS

8. At all times relevant to the allegations in this petition, Plaintiff was an employee of Defendant HGE.

9. During her employment, Plaintiff was subjected to unwelcome and offensive conduct by co-workers.

10. Plaintiff is an African American female.

11. Plaintiff was initially hired by HGE on October 12, 2021, as the Regional Director over the Northeast Region.

12. Plaintiff worked principally from her home in Kansas City, Missouri.

13. Plaintiff's region included 21 schools: New York (4), New Jersey (9), Maryland (5), Massachusetts (2), and Pennsylvania (1).

14. On or around July 15, 2022, Plaintiff was assigned Museum Mile, a failing school that was losing HGE approximately 100k per month.

15. Plaintiff was instructed to hire a new leader for the school.

16. ▬▬▬, her supervisor, forced Plaintiff to interview an unqualified White man ▬▬▬ to lead the school despite having a more qualified Black female candidate ▬▬▬

17. ▬▬▬ was a 24-year-old who dropped out of college in his sophomore year.

18. He had no experience in education and a school leadership role would be his first job out of college.

19. ▬▬▬ was in her late 40s with a Master's degree in Education, two Montessori certifications, and over 20 years of experience in education.

20. Plaintiff complained to ▬▬▬ that she believed a qualified Black candidate was being passed over for an unqualified White applicant.

21. Ultimately, ▬ believed ▬▬▬ was "scrappy."

22. Consequently, ▬▬▬ was hired as Head of School, at 110k with an 80k bonus potential, and ▬▬▬ was hired as Assistant Head of School at 90k with a 15k bonus potential.

23. On or around September 8, 2022, Plaintiff was up for a promotion that her

3

previous manager, ████████, put in place.

24.  ████████, Plaintiff's Supervisor and VP of School Success, said she could not promote Plaintiff to Senior RD because her performance reviews for the region were not completed on time.

25.  Notably, other Regional Directors did not have their performance reviews completed on time.

26.  However, they were not penalized.

27.  Importantly, ████████ had not completed her performance reviews for Regional Directors.

28.  Several days later, on September 13, 2022, ████████ blamed Plaintiff for the poor performance of Museum Mile, among other things, in spite of the fact that an unqualified White man, ████, was the School Director.

29.  On September 14, 2022, Plaintiff complained to ████████, the Company's COO, stating that Plaintiff believed ████ treatment of Plaintiff was racially motivated.

30.  ████████ indicated she would look into Plaintiff's complaints.

31.  Plaintiff never received any response.

32.  Following her complaints, on September 16, 2022, ████████ and ████ ████ were each promoted to Senior Regional Director.

33.  On November 2, 2022, Plaintiff met with ████████ (Director of Special Projects – reporting to ████) to discuss race dynamics, salary, and the

disparate treatment she received from ██████.

34. ██████ advised Plaintiff to study HGE's method to written communication and shift her approach accordingly for 60 days.

35. If Plaintiff saw a positive shift in communication from ██████ and other members of senior leadership, then her communication style is the cause.

36. However, if Plaintiff saw no change or a negative shift, then Plaintiff would have her answer.

37. In response, Plaintiff reached out to ██████, manager of School Success, and asked her to coach Plaintiff and pre-read her emails– which she did.

38. Despite Plaintiff's efforts, the harassment got worse.

39. For example, throughout the remainder of 2022, Plaintiff was not allowed to staff her campuses, despite very clear evidence that the campuses were understaffed.

40. Plaintiff's emails went ignored.

41. Plaintiff's requests were denied.

42. Plaintiff was intentionally left off emails so Plaintiff could not respond.

43. This did not happen at campuses where the regional manager/director was White.

44. The "hiring freeze" from Plaintiff's region did not end until Plaintiff sent an email to alert the company and tagged every senior leader from every department.

45. On January 19, 2023, Plaintiff applied to take Montessori professional development courses through the Company's Prepared Montessorian Institute and was

denied by ▌, without a reason.

46. ▌ approved ▌, a White woman, to take the courses.

47. On January 26, 2023, Plaintiff met with ▌ for their regularly scheduled 1:1 meeting.

48. ▌ informed Plaintiff that layoffs would occur in every department.

49. However, later that day, Plaintiff received notice that HGE hired a new Regional Manager to take over a smaller region.

50. Plaintiff sent ▌ a Teams chat asking about the contradiction and received the following response: "I know it appears counterintuitive, however, the restructuring is focused on creating localized regional teams to support expansion into more (smaller) regions than we have now."

51. On January 31, 2023, Plaintiff emailed ▌ that her treatment by ▌, and others, was racially motivated.

52. Plaintiff further indicated that she was not being treated the same as her White co-workers with respect to salary, support and performance objectives/critiques.

53. The following day, on February 1, 2023, Plaintiff was terminated.

54. Notably, the Company posted an opening for a Regional Manager in Kansas City, MO.

55. ▌, a White woman who was also laid off from a different department, was offered the job.

6

56. ████████ resides in Minnesota.

57. At all relevant times to the allegations in this Petition, Defendant's employees were agents, servants and/or employees of Defendant; and/or were at all such times directly acting in the interests of Defendant; and/or were acting within the scope and course of their agency and employment; and/or acted as proxies/alter egos of Defendant. Therefore, Defendant is liable for their actions under all theories pled therein.

58. The conduct as set forth herein constitutes a continuing violation of the Missouri Human Rights Act.

## CONDITION PRECEDENT

59. On June 19, 2023, Plaintiff filed a timely Charge of Discrimination with the Missouri Commission on Human Rights. *A copy of the charge is attached hereto as Exhibit A and is incorporated herein by reference.*

60. On April 23, 2024, Plaintiff received her right-to-sue notice pursuant to the Missouri Human Rights Act. *A copy of the right to sue is attached hereto as Exhibit B and incorporated herein by reference.*

61. This action has been timely filed with this Court, and Plaintiff has met all conditions precedent to filing this action.

## COUNT I
### MHRA-Racial Discrimination and Harassment

62. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

63. The conduct and actions of the above-described perpetrators as set forth herein constituted unwelcome conduct based upon race.

64. Plaintiff was discriminated against upon the basis of her race.

65. The actions and conduct of the above-described perpetrators as set forth herein created an abusive, hostile, offensive and intimidating work environment.

66. Plaintiff's terms, conditions, and privileges of employment were adversely altered because Defendant's employees and management classified Plaintiff on the basis of her race in such manner that she was treated differently than her similarly situated co-workers.

67. Plaintiff's status as an employee was adversely affected because of the discriminatory treatment she received from Defendant's management.

68. The conduct as described herein would have detrimentally affected a reasonable person of the same race in Plaintiff's position.

69. Defendant's actions against Plaintiff have caused her pain, anguish, anxiety and distress.

70. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct, pursuant to RSMo Chapters 213, 285 and 287.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her

Petition, for a finding that he has been subjected to unlawful discrimination prohibited by Mo.Rev.Stat. §213.010 *et seq.;* for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' fees; and for other and further relief the Court deems just and proper.

**COUNT II**
**MHRA-Discrimination in Violation of Mo. Rev. Stat. §213.055**
**Sexual Discrimination**

71. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

72. Plaintiff was discriminated against upon the basis of her sex.

73. Plaintiff's terms, conditions, and privileges of employment were adversely altered because Defendant's employees and management classified Plaintiff on the basis of her sex in such manner as to treat her differently than her similarly situated male co-workers.

74. Plaintiff's status as an employee was adversely affected because of the discriminatory treatment she received from Defendant's employees and management.

75. Defendant's conduct has caused Plaintiff degradation, pain, anguish, anxiety and distress.

76. The conduct described herein would have detrimentally affected a reasonable person of the same sex in Plaintiff's position.

77. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and

therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for joint and several judgment against Defendant on Count II of her petition, for a finding that she has been subjected to unlawful conduct prohibited by Mo. Rev. Stat § 213.010 *et seq;* for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys fees; and for other and further relief the Court deems just and proper.

## COUNT III
## MHRA-Retaliation relating to Mo.Rev.Stat §213.070

78. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

79. Plaintiff engaged in protected activity in complaining to her manager regarding the treatment of another African American employee.

80. Further, in and around this time, Plaintiff her immediate supervisors regarding disparate treatment of herself and other African American individuals.

81. For example, Plaintiff complained to ▮▮▮▮ that she believed a qualified Black candidate was being passed over for an unqualified White applicant.

82. Further, on September 14, 2022, Plaintiff complained to ▮▮▮▮, the Company's COO, stating that Plaintiff believed ▮▮▮▮ treatment of Plaintiff was racially motivated.

83. Also, on January 31, 2023, Plaintiff emailed ▮▮▮▮ that her treatment by

███████, and others, was racially motivated.

84. Plaintiff further indicated that she was not being treated the same as her White co-workers with respect to salary, support and performance objectives/critiques.

85. The following day, on February 1, 2023, Plaintiff was terminated.

86. Defendant's conduct has caused Plaintiff pain, anguish, anxiety and distress.

87. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of her Petition, for a finding that she has been subjected to unlawful conduct prohibited by V.A.M.S. § 213.010 *et seq;* for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys fees; and for other and further relief the Court deems just and proper.

## JURY DEMAND.

Plaintiff hereby demands a jury trial on all issues so triable.

**RESPECTFULLY SUBMITTED,**

**HOLMAN SCHIAVONE, LLC**

By: /s/ M. Shaun Stallworth
    M. Shaun Stallworth,   Mo#60764

4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
TEL: (816) 283-8738
FAX: (816) 283-8739
sstallworth@hslawllc.com

**ATTORNEY FOR PLAINTIFF**

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☒ EEOC | 28E-2023-01317<br>E-06/23-55271 |

**Missouri Commission on Human Rights** and EEOC

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Sheena Watkins | [redacted] |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| [redacted] | [redacted] | [redacted] |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Higher Ground Education Inc. | 500+ | 949-689-7854;<br>949-836-9401 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 10 Orchard Lane | Lake Forest, California 92630 | Orange |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Higher Ground Education Inc. | 949-689-7854;<br>949-836-9401 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 406 N. Main St., Ste. B | Rolla, MO. 65401 | |

**FILED JUN 19 2023 "MCHR"**

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE<br>EARLIEST (ADEA EPA)  LATEST (ALL) |
|---|---|
| ☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ AGE<br>☒ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☐ Other | September 8, 2022 – February 2023<br>☐ CONTINUING ACTION |

**PARTICULARS:**

I am an African American female, and my nation of origin is the United States. I was an employee at Higher Ground Education Inc. (the "Company"). I was initially hired by the Company on October 12, 2021, Regional Director over the Northeast Region. My region included 21 schools: New York (4), New Jersey (9), Maryland (5), Massachusetts (2), and Pennsylvania (1).

On or around July 15, 2022, I was assigned Museum Mile, a failing school that was losing the Company approximately 100k per month. I was instructed to hire a new leader for the school. [redacted] my supervisor, forced me to interview an unqualified White man [redacted] to lead the school despite having a more qualified Black female candidate ([redacted]). [redacted] was a 24-year-old who dropped out of college in his sophomore year. He had no experience in education and school leadership role would be his first job out of college. [redacted] was in her late 40s with a Master's degree in Education, two Montessori certifications, and over 20 years of experience in education. I complained to [redacted] that I believed a qualified Black candidate was being passed over for an unqualified White applicant. Ultimately, [redacted] believed Andrew was "scrappy." Consequently, [redacted] was hired as Head of School, at 110k with an 80k bonus potential, and [redacted] was hired as Assistant Head of School at 90k with a 15k bonus potential.

On or around September 8, 2022, I was up for a promotion that my previous manager, [redacted], put in place. [redacted] my Supervisor and VP of School Success, said she could not promote me to Senior RD because my performance reviews for the region were not completed on time. Notably, other regional directors did not have their performance reviews completed on time. However, they were not penalized. Importantly, [redacted] had not completed her performance reviews for us. Several days later, on September 13, 2022, [redacted] blamed me for the poor performance of Museum Mile, among other things, in spite of the fact that an unqualified White man, [redacted] was director of the school.

**EXHIBIT A**

On September 14, 2022, I complained to ▇▇▇ the Company's COO, stating that I believed ▇▇▇ treatment of me was racially motivated. ▇▇▇ indicated she would look into my complaints. I never received any response. Following my complaints, On September 16, 2022, ▇▇▇ and ▇▇▇ were each promoted to Senior Regional Director.

On November 2, 2022, I met with ▇▇▇ (Director of Special Projects reporting to ▇▇▇ to discuss race dynamics, salary, and the disparate treatment I received from ▇▇▇. She advised me to study the Company's method to written communication and shift my approach accordingly for 60 days. If I saw a positive shift in communication from ▇▇▇, and other members of senior leadership, then my communication style is the cause. However, if I saw no change or a negative shift, then I would have my answer. In response, I reached out to ▇▇▇ manager of School Success, and asked her to coach me and pre-read my emails- which she did. Despite my efforts, the harassment got worse. For example, throughout the remainder of 2022, I was not allowed to staff my campuses, despite very clear evidence that the campuses were understaffed. My emails went ignored. My requests were denied. I was intentionally left off emails so I could not respond. This did not happen at campuses where the regional manager/director was White. My region's "hiring freeze" did not end until I sent an email to alert the company and tagged every senior leader from every department.

On January 19, 2023, I applied to take Montessori professional development courses through the Company's Prepared Montessorian Institute and was denied by ▇▇▇ without a reason. ▇▇▇ approved ▇▇▇ a White woman, to take the courses.

On January 26, 2023, I met with ▇▇▇ for our regularly scheduled 1:1 meeting. She informed me that layoff would occur in every department. However, later that day, I received notice that we hired a new regional manager to take over a smaller region. I sent ▇▇▇ a Teams chat asking about the contradiction and received the following response: "I know it appears counterintuitive, however the restructuring is focused on creating localized regional teams to support expansion into more (smaller) regions than we have now."

On January 31, 2023, I emailed ▇▇▇ that my treatment by ▇▇▇ and others, was racially motivated. I further indicated that I was not being treated the same as my White co-workers with respect to salary, support and performance objectives/critiques.

The following day, on February 1, 2023, I was terminated. Notably, the Company posted an opening for a Regional Manager in Kansas City, MO. ▇▇▇ a White woman who was also laid off from a different department, was offered the job. She resides in Minnesota.

I believe I have been discriminated against based on my race and sex, then retaliated against—all in violation of the Missouri Human Rights Act and any applicable federal law.

| | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>6/8/2023<br>Date            Charging Party *(Signature)* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year) |

**FILED**

**JUN 19 2023**

**"MCHR"**

| MICHAEL L. PARSON | ANNA S. HUI | AL LI | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |



**NOTICE OF RIGHT TO SUE**

RE: Sheena Watkins vs. Higher Ground Education Inc.
E-06/23-55271  28E-2023-01317

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.              April 23, 2024
Executive Director                Date

C:    additional contacts listed on next page

| ☒ JEFFERSON CITY OFFICE | ☐ ST. LOUIS OFFICE | ☐ KANSAS CITY OFFICE | ☐ SIKESTON OFFICE |
|---|---|---|---|
| 421 E. DUNKLIN STREET | 111 N. 7TH STREET, SUITE 903 | P.O. BOX 1129 | 106 ARTHUR STREET, SUITE D |
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | JEFFERSON CITY, 65102-1129 | SIKESTON, MO 63801-5454 |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | FAX: 816-889-3582 | FAX: 573-472-5321 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | |
| FAX: 573-751-2905 | | | |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

**EXHIBIT B**

RE: Sheena Watkins vs. Higher Ground Education Inc.
E-06/23-55271  28E-2023-01317

Higher Ground Education Inc.
10 Orchard Lane
Lake Forest, CA 92630

Rebecca Girn
Higher Ground Education
rkgirn@tohigherground.com

Shaun Stallworth
Holman Schiavone, LLC
4600 Madison Suite 810
Kansas City, MO 64112
sstallworth@hslawllc.com