UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **Sheena Watkins,** | ) |
| | ) |
|      **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 24-00545-CV-W-LMC |
| | ) |
| **Higher Ground Education, Inc,** | ) |
| | ) |
|      **Defendant.** | ) |

## FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW Sheena Watkins ("Plaintiff"), by and through her attorneys of record, and for her First Amended Complaint for Damages against the above-named defendant, alleges and states as follows:

## INTRODUCTION

1. Plaintiff, while an employee of Defendant Higher Ground Education, Inc. (hereafter "HGE" or "Defendant") was subjected to unlawful discrimination based on her race and sex.

2. Plaintiff, while an employee of Defendant HGE, was subjected to unlawful retaliation.

3. Plaintiff seeks compensatory and punitive damages against Defendant.

## PARTIES

4. Plaintiff is now, and was at all times relevant to the allegations in this petition, a

female resident and citizen of the State of Missouri.

5. Defendant is a For-Profit Corporation with its principal place of business in the state of California.

6. At all times relevant to the allegations in this petition are employees of Defendant HGE referenced in this Petition acted directly in the interests of Defendant HGE.

## JURISDICTION AND VENUE

7. Plaintiff's first injury occurred in Jackson County, Missouri making this Court an appropriate forum.

## FACTUAL ALLEGATIONS

8. At all times relevant to the allegations in this petition, Plaintiff was an employee of Defendant HGE.

9. During her employment, Plaintiff was subjected to unwelcome and offensive conduct by co-workers.

10. Plaintiff is an African American female.

11. Plaintiff was initially hired by HGE on October 12, 2021, as the Regional Director over the Northeast Region.

12. Plaintiff worked principally from her home in Kansas City, Missouri.

13. Plaintiff's region included 21 schools: New York (4), New Jersey (9), Maryland (5), Massachusetts (2), and Pennsylvania (1).

14. On or around July 15, 2022, Plaintiff was assigned Museum Mile, a failing school that was losing HGE approximately 100k per month.

15. Plaintiff was instructed to hire a new leader for the school.

16. Ray Girn, her supervisor, forced Plaintiff to interview an unqualified White man (Andrew Roberts) to lead the school despite having a more qualified Black female candidate (Terrye Morgan).

17. Andrew was a 24-year-old who dropped out of college in his sophomore year.

18. He had no experience in education and a school leadership role would be his first job out of college.

19. Terrye was in her late 40s with a Master's degree in Education, two Montessori certifications, and over 20 years of experience in education.

20. Plaintiff complained to Ray Girn that she believed a qualified Black candidate was being passed over for an unqualified White applicant.

21. Ultimately, Ray believed Andrew was "scrappy."

22. Consequently, Andrew was hired as Head of School, at 110k with an 80k bonus potential, and Terrye was hired as Assistant Head of School at 90k with a 15k bonus potential.

23. On or around September 8, 2022, Plaintiff was up for a promotion that her previous manager, Maris Mendes, put in place.

24. Jocelyn Scotty, Plaintiff's Supervisor and VP of School Success, said she could not promote Plaintiff to Senior RD because her performance reviews for the region were not completed on time.

25. Notably, other Regional Directors did not have their performance reviews completed on time.

26. However, they were not penalized.

27. Importantly, Ms. Scotty had not completed her performance reviews for Regional

Directors.

28. Several days later, on September 13, 2022, Ms. Scotty blamed Plaintiff for the poor performance of Museum Mile, among other things, in spite of the fact that an unqualified White man, Andrew, was the School Director.

29. On September 14, 2022, Plaintiff complained to Maris Mendes, the Company's COO, stating that Plaintiff believed Jocelyn's treatment of Plaintiff was racially motivated.

30. Ms. Mendes indicated she would look into Plaintiff's complaints.

31. Plaintiff never received any response.

32. Following her complaints, on September 16, 2022, Tara Schmitt and Erin Hennigan were each promoted to Senior Regional Director.

33. On November 2, 2022, Plaintiff met with Samantha Sharp (Director of Special Projects – reporting to Ray Girn) to discuss race dynamics, salary, and the disparate treatment she received from Ms. Scotty.

34. Ms. Sharp advised Plaintiff to study HGE's method to written communication and shift her approach accordingly for 60 days.

35. If Plaintiff saw a positive shift in communication from Jocelyn, and other members of senior leadership, then her communication style is the cause.

36. However, if Plaintiff saw no change or a negative shift, then Plaintiff would have her answer.

37. In response, Plaintiff reached out to Mary Grace Henry, manager of School Success, and asked her to coach Plaintiff and pre-read her emails– which she did.

38. Despite Plaintiff's efforts, the harassment got worse.

39. For example, throughout the remainder of 2022, Plaintiff was not allowed to staff her campuses, despite very clear evidence that the campuses were understaffed.

40. Plaintiff's emails went ignored.

41. Plaintiff's requests were denied.

42. Plaintiff was intentionally left off emails so Plaintiff could not respond.

43. This did not happen at campuses where the regional manager/director was White.

44. The "hiring freeze" from Plaintiff's region did not end until Plaintiff sent an email to alert the company and tagged every senior leader from every department.

45. On January 19, 2023, Plaintiff applied to take Montessori professional development courses through the Company's Prepared Montessorian Institute and was denied by Ms. Scotty, without a reason.

46. Ms. Scotty approved Mary Grace Henry, a White woman, to take the courses.

47. On January 26, 2023, Plaintiff met with Ms. Scotty for their regularly scheduled 1:1 meeting.

48. Ms. Scotty informed Plaintiff that layoffs would occur in every department.

49. However, later that day, Plaintiff received notice that HGE hired a new Regional Manager to take over a smaller region.

50. Plaintiff sent Ms. Scotty a Teams chat asking about the contradiction and received the following response: "I know it appears counterintuitive, however, the restructuring is focused on creating localized regional teams to support expansion into more (smaller) regions than we have now."

51. On January 31, 2023, Plaintiff emailed Ray Girn that her treatment by Ms. Scotty,

5

and others, was racially motivated.

52. Plaintiff further indicated that she was not being treated the same as her White co-workers with respect to salary, support and performance objectives/critiques.

53. The following day, on February 1, 2023, Plaintiff was terminated.

54. Notably, the Company posted an opening for a Regional Manager in Kansas City, MO.

55. Amanda Joynes, a White woman who was also laid off from a different department, was offered the job.

56. Ms. Joynes resides in Minnesota.

57. At all relevant times to the allegations in this Petition, Defendant's employees were agents, servants and/or employees of Defendant; and/or were at all such times directly acting in the interests of Defendant; and/or were acting within the scope and course of their agency and employment; and/or acted as proxies/alter egos of Defendant. Therefore, Defendant is liable for their actions under all theories pled therein.

58. The conduct as set forth herein constitutes a continuing violation of the Missouri Human Rights Act.

**CONDITION PRECEDENT**

59. On June 19, 2023, Plaintiff filed a timely Charge of Discrimination with the Missouri Commission on Human Rights. *A copy of the charge is attached hereto as Exhibit A and is incorporated herein by reference.*

60. On April 23, 2024, Plaintiff received her right-to-sue notice pursuant to the Missouri Human Rights Act. *A copy of the right to sue is attached hereto as Exhibit B and*

6

*incorporated herein by reference.*

61. This action has been timely filed with this Court, and Plaintiff has met all conditions precedent to filing this action.

## COUNT I
## MHRA-Racial Discrimination and Harassment

62. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

63. The conduct and actions of the above-described perpetrators as set forth herein constituted unwelcome conduct based upon race.

64. Plaintiff was discriminated against upon the basis of her race.

65. The actions and conduct of the above-described perpetrators as set forth herein created an abusive, hostile, offensive and intimidating work environment.

66. Plaintiff's terms, conditions, and privileges of employment were adversely altered because Defendant's employees and management classified Plaintiff on the basis of her race in such manner that she was treated differently than her similarly situated co-workers.

67. Plaintiff's status as an employee was adversely affected because of the discriminatory treatment she received from Defendant's management.

68. The conduct as described herein would have detrimentally affected a reasonable person of the same race in Plaintiff's position.

69. Defendant's actions against Plaintiff have caused her pain, anguish, anxiety and distress.

70. The actions and conduct set forth herein were outrageous and showed an evil

motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct, pursuant to RSMo Chapters 213, 285 and 287.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her Petition, for a finding that he has been subjected to unlawful discrimination prohibited by Mo.Rev.Stat. §213.010 *et seq.;* for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' fees; and for other and further relief the Court deems just and proper.

## COUNT II
**MHRA-Discrimination in Violation of Mo. Rev. Stat. §213.055**
**Sexual Discrimination**

71. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

72. Plaintiff was discriminated against upon the basis of her sex.

73. Plaintiff's terms, conditions, and privileges of employment were adversely altered because Defendant's employees and management classified Plaintiff on the basis of her sex in such manner as to treat her differently than her similarly situated male co-workers.

74. Plaintiff's status as an employee was adversely affected because of the discriminatory treatment she received from Defendant's employees and management.

75. Defendant's conduct has caused Plaintiff degradation, pain, anguish, anxiety and distress.

76. The conduct described herein would have detrimentally affected a reasonable person of the same sex in Plaintiff's position.

77. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for joint and several judgment against Defendant on Count II of her petition, for a finding that she has been subjected to unlawful conduct prohibited by Mo. Rev. Stat § 213.010 *et seq;* for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys fees; and for other and further relief the Court deems just and proper.

## COUNT III
## MHRA-Retaliation relating to Mo.Rev.Stat §213.070

78. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

79. Plaintiff engaged in protected activity in complaining to her manager regarding the treatment of another African American employee.

80. Further, in and around this time, Plaintiff her immediate supervisors regarding disparate treatment of herself and other African American individuals.

81. For example, Plaintiff complained to Ray Girn that she believed a qualified Black candidate was being passed over for an unqualified White applicant.

82. Further, on September 14, 2022, Plaintiff complained to Maris Mendes, the Company's COO, stating that Plaintiff believed Jocelyn's treatment of Plaintiff was racially motivated.

83. Also, on January 31, 2023, Plaintiff emailed Ray Girn that her treatment by Ms. Scotty, and others, was racially motivated.

84. Plaintiff further indicated that she was not being treated the same as her White co-workers with respect to salary, support and performance objectives/critiques.

85. The following day, on February 1, 2023, Plaintiff was terminated.

86. Defendant's conduct has caused Plaintiff pain, anguish, anxiety and distress.

87. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of her Petition, for a finding that she has been subjected to unlawful conduct prohibited by V.A.M.S. § 213.010 *et seq;* for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys fees; and for other and further relief the Court deems just and proper.

## COUNT IV
## Violation of 42 U.S.C. §1981

COMES NOW Plaintiff and for Count IV of her Complaint against Defendant, alleges and states as follows:

88. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

89. During the course and scope of Plaintiff's employment, Defendant's representatives, agents and employees, acting within the course and scope of their employment,

10

engaged in a pattern of practice of intentional discrimination against Plaintiff based on her race in the making and enforcing of a contract.

90. Defendant through their representatives, agents and employees engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

91. The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendant to punish Defendant and to deter it and others from like conduct.

92. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of her Complaint, for a finding that he has been subjected to unlawful discrimination as prohibited by 42 U.S.C. §1981; for an award of compensatory and punitive damages; equitable relief; for her costs expended; for her reasonable attorneys' fees and expert's fees; and for such other relief as this Court deems just and proper.

## COUNT V
## 42 U.S.C. §1981 – Retaliation

COMES NOW Plaintiff and for Count V of her Complaint against Defendant, states and alleges as follows:

93. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

94. Plaintiff's complaints of racial discrimination and harassment constituted a protected activity.

95. By reason of Plaintiff's complaints, Defendant retaliated against Plaintiff resulting in Plaintiff being harassed, unfairly disciplined and discharged.

96. At all times mentioned herein, before and after, the above mentioned individuals were agents, servants, and employees of Defendant and were at all times acting within the course and scope of their employment.

97. Defendant's retaliation against Plaintiff was intentional, willful, and malicious, and constituted a willful violation of Plaintiff's federally protected rights.

98. At the time Defendant retaliated against Plaintiff, Defendant knew that such retaliation was unlawful.

99. The actions and conduct set forth herein was outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendant to punish and deter Defendant and others from like conduct.

100. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages and lost wages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count V of her Complaint, for a finding that he has been subjected to unlawful retaliation provided by 42 U.S.C. § 1981, *et seq*,; for an award of compensatory and punitive damages; equitable relief; for her

costs expended; for her reasonable attorneys' fees and expert's fee provided by 42 U.S.C. § 1981 and for such other relief as this Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

COMES NOW the Plaintiffs and hereby designates Jackson County, Missouri as the place of trial.

## JURY DEMAND.

Plaintiff hereby demands a jury trial on all issues so triable.

                                        **RESPECTFULLY SUBMITTED,**

                                        **HOLMAN SCHIAVONE, LLC**

By: /s/ M. Shaun Stallworth
M. Shaun Stallworth, Mo#60764
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
TEL: (816) 283-8738
FAX: (816) 283-8739
sstallworth@hslawllc.com

**ATTORNEY FOR PLAINTIFF**